IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

   Plaintiff,      No. CIV S 02-1563 LKK PAN P

  vs.

ROBINSON, et al.,

   Defendants.     FINDINGS & RECOMMENDATIONS

_____/

   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated plaintiff's constitutional right of access to the courts by refusing to provide copies of exhibits to append to his state habeas petition. This matter is before the court on defendants' motion for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

   Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

   Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

1    In the endeavor to establish the existence of a factual dispute, the opposing party
2 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
3 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
4 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
5 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
6 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
7 committee's note on 1963 amendments).
8    In resolving the summary judgment motion, the court examines the pleadings,
9 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
10 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
11 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
12 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
13 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
14 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
16 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
17 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
18 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
19 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
20    On February 7, 2003, the court advised plaintiff of the requirements for opposing
21 a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
22 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
23 Eikenberry, 849 F.2d 409 (9th Cir. 1988).
24 /////
25 /////
26 /////

FACTS

The following facts are undisputed.

Plaintiff was convicted in the Mendocino County Superior Court in 1996 and was sentenced to a term of 16 years to life. He began to serve his sentence on October 8, 1996. On April 15, 1999 he was transferred to Mule Creek State Prison (MCSP), where he has been confined until the present. On November 5, 1999 plaintiff submitted a petition for writ of habeas corpus on Judicial Council Form MC-275, and supporting documents, to Ms. Cova, the B Yard librarian at MCSP, with a request that they be copied. Cova submitted the documents, consisting of at least 865 pages, to Robinson. The petition was due filed due filed January 20, 2000 under relevant limitation provisions.!!!!!!

On November 30, 1999, Cova informed plaintiff that Robinson had denied plaintiff's copy request because the superior court did not need the exhibits and other supporting documents. Plaintiff filed a grievance and defendant Pierce denied the grievance at the first level of review, stating that "library staff follow the directives listed in the Rules of Court." Plaintiff subsequently received a copy of the petition, minus exhibits, and timely filed it in the superior court. The petition sought a new trial.

On January 5, 2000 the superior court denied the petition for habeas corpus, stating as follows:

> This Court has read and carefully considered the issues presented in this Petition for Writ of habeas Corpus dated November 24, 1999, and rules as to each issue as follows:
>
> 1. <u>Factual Innocence</u>: The victims' varying accounts of what happened was tried by a jury who made findings of fact, applied those findings to the law, and found petitioner guilty. Petitioner has made no offer of proof by way of additional evidence that the findings are unreasonable. He merely disagrees that their findings were beyond a reasonable doubt. The Petition is denied on this ground.
>
> 2. <u>Failure to [P]rovide [D]iscovery</u>. An in camera hearing was conducted by the trial judge to determine whether any of the materials sought by the defense had any exculpatory content. He ruled that they did not. Petitioner has failed to

/////

offer any proof that this finding was flawed or otherwise incorrect. The petition is denied on this ground.

     3. <u>Failure of Judge to [R]ecuse [H]imself</u>. Petitioner makes reference to a sworn affidavit of George Hoffman which is not included as part of his petition, nor can it be found in the court file. The petition is denied on this ground.

     4. <u>Denial of Sixth Amendment Cross Section of Jury</u>. This was an issue raised and addressed in petitioner's appeal. This court has reviewed the appellate decision and concludes that the jury selection process in Mendocino County at the time of petitioner's trial conformed to law. The petition is denied on this ground.

     5. <u>Ineffective [A]ssistance of [C]ounsel</u>. Petitioner refers to exhibit d-1, which is not included with his petition and cannot be found in the court file. The only affidavit touching on attorney incompetence was one submitted by attorney David Nelson in support of a motion for new trial, wherein he admitted that he failed to ask for a polling of the jury as to specific counts. This does not constitute ineffective assistance of counsel, and none of petitioner's other allegations justify the granting of a hearing as requested. The petition is denied on this ground.

     6. <u>Introduction of [I]llegally [O]btained [E]vidence</u>. This issue was addressed in petitioner's appeal. This court has reviewed the appellate decision and finds no basis [to] conclude that it is not legally sound. The petition is denied on this ground.

THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.

By way of separate letter petitioner urges this court to order the warden to allow photocopying of legal papers. The request is denied. That issue should be raised in the Superior Court of the county wherein petitioner is confined.

Ex. 6 in Support of Motion for Summary Judgment.

On January 14, 2000 petitioner filed a petition for habeas corpus in state appellate court, which was denied April 13, 2000. Petitioner did not seek habeas relief in the California Supreme Court, nor in any federal court.

## ANALYSIS

Defendants seek summary judgment on the grounds that (1) there is no evidence that defendants' actions caused "actual injury" to plaintiff's constitutional right of court access; and (2) they are entitled to qualified immunity.

In <u>Lewis v. Casey</u>, <u>supra</u>, the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to

5

challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. "The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, at 356. To prevent summary judgment for defendants, plaintiff must present evidence, sufficient to create a genuine issue of material fact, that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

In support of their motion for summary judgment, defendants contend that under applicable California Rules of Court, a pro se habeas corpus petitioner is not required to provide exhibits or other supporting documents with an initial state habeas corpus petition and, therefore, that neither defendant Robinson's refusal to copy exhibits, nor defendant Pierce's support of Robinson's decision, caused "actual injury" to plaintiff's constitutional right to access the court to bring a habeas corpus challenge to his state conviction.

Rule 60 of the California Rules of Court provides in relevant part:

**(a) Required Judicial Council form**

(1) A person who is not represented by an attorney and who petitions a reviewing court for a writ of habeas corpus seeking release from, or modification of the conditions of, custody of a person confined in a state or local penal institution, hospital, narcotics treatment facility, or other institution, must file the petition on Judicial Council form MC-275, *Petition for Writ of Habeas Corpus*. For good cause the court may permit the filing of a petition that is not on form MC-275.

(2) A petition filed under (1) need not comply with the provisions of rules 14, 44, or 56 that prescribe the form and content of a petition and require the petition to be accompanied by points and authorities.

Cal. Rules of Court, rule 60(a)(1)-(2). In the section on grounds for relief, Judicial Council form MC-275 states in parentheses "If available, attach declarations, relevant records, transcripts, or

other documents" supporting a claim. (Cal. Judicial Council Form MC-275, at 3.)[1] Rule 60 of the California Rules of Court also authorizes the court to require production of the record or the filing of an informal response by a respondent or real party in interest. See Cal. Rules of Court, rule 60(a)(3)-(4).

In order to bring his state habeas corpus petition, petitioner was only required to complete and file Judicial Council form MC-275, including a brief statement of each ground on which he based his claims for habeas corpus relief. While plaintiff had additional evidentiary material that he wanted to attach to the petition, the absence of such material did not preclude the filing of his state habeas corpus petition. It is undisputed that plaintiff completed and filed in the Mendocino County Superior Court a state form petition for writ of habeas corpus, and that said petition was accepted for filing and ruled on by said court. For this reason, this court finds that neither defendant caused "actual injury" to plaintiff's right to commence a habeas corpus action in state court.

Plaintiff may also succeed on a claim of interference with his right to access the courts if he can show that defendants' failure to provide copies of exhibits as requested by plaintiff caused him to lose a non-frivolous habeas corpus action. See Lewis, at 356. The state superior court's order denying the petition suggests that claims 1, 2, 3, and 5 were denied at least in part because petitioner had failed to provide either an "offer of proof," or evidentiary support for said claims. (See Defendants' Ex. 6, supra.) Defendants contend, however, that the fact the habeas corpus petition was denied in the superior court at least in part for lack of evidentiary support does not make their refusal to provide copies the "cause" of that denial or of any cognizable constitutional injury. Defendants contend that plaintiff's remedy for the denial lay
/////

---

[1] A copy of the Judicial Council form MC-275 is available at www.courtinfo.ca.gov/forms/documents/mc275.pdf.

either in an offer of proof to the superior court or an appeal from the superior court's order, not in this § 1983 action. This court agrees.

As noted above, plaintiff was not required to attach to his state habeas corpus petition any evidence in support of his claims. In order to commence the state habeas corpus proceeding, all plaintiff was required to do was allege specific facts supporting each claimed violation of his constitutional rights. (See Judicial Council form MC-275, at 3.) The alleged improper denial to plaintiff of an opportunity to present evidence in support of one or more of his claims[2] was caused, if at all, by an error in the state habeas corpus proceedings. It was not caused by defendants' failure to provide him with 865 pages of copies to append to an initial state habeas corpus petition.[3] [4]

For the foregoing reasons, this court finds that defendants are entitled to summary judgment on the merits of plaintiff's claims.[5] Accordingly, IT IS HEREBY RECOMMENDED that defendants' May 10, 2005 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] This court makes no finding that plaintiff was in fact improperly denied an opportunity to provide evidence in his state habeas corpus proceedings.

[3] Moreover, to show that defendants' failure to provide copies caused the denial of plaintiff's state habeas corpus petition, plaintiff would also have to show that the petition would not have been denied had the evidence been presented to the state court. Plaintiff has made no such showing on this record.

[4] The remedy for alleged errors in state habeas corpus proceedings is available, if at all, in appellate review of those proceedings, in state habeas corpus proceedings at higher levels of the state court system, or in federal habeas corpus review. While plaintiff did seek relief in the California Court of Appeal, he did not proceed further to the California Supreme Court nor did he seek federal habeas corpus relief.

[5] Defendants also seek summary judgment on the ground that they are entitled to qualified immunity. Because the undisputed material facts before the court do not show that either defendant violated plaintiff's constitutional rights, "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12/7spri1563.fr msj