IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

    Plaintiff,                    No. CIV S-02-1563 LKK EFB P

    vs.

LEON ROBINSON, et al.,

    Defendants.             ORDER

_____/

    Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 15, 2007, the court ordered the parties to address the issues contained in the district judge's September 26, 2007, order; i.e., the appropriate "schedule for briefings as to damages, including whether there are disputed issues of material fact as to damages," and whether damages are amenable to determination by way of cross-motions for summary judgment or trial to the court.

    Plaintiff asserts in his brief filed December 7, 2007, that trial is necessary to determine damages. Defendants state, however, that the issue of damages is best resolved by cross-motions for summary judgment. If neither party can prevail on summary judgment then trial may be necessary.

////

Defendants argue that plaintiff's compensatory damages, if any, will be based on: (1) whether the inclusion of his exhibits with his habeas petition would have altered the result of his criminal conviction and sentence; and (2) the costs he incurred in litigating the habeas petition. *See Phillips v. Hust*, 477 F.3d 1070, 1081-82 (9th Cir. 2005). Defendants cite *Phillips*, which held that the proper measure of damages in a § 1983 action for denial of access to the courts is the costs of litigation in the underlying matter. Defendants state that the court can resolve these damages based on the undisputed facts of this case. However, neither plaintiff nor defendants have produced an itemized cost list for the photocopying, filing fee, or other expenses plaintiff incurred.

Defendants argue that, under the Prison Litigation Reform Act, plaintiff may not seek damages for emotional distress in a civil rights action without a prior showing of physical injury. However, the Ninth Circuit held in *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), that the Prison Litigation Reform Act "does not apply to First Amendment Claims regardless of the form of relief sought." Therefore, the PLRA does not limit plaintiff's ability to seek damages for mental or emotional distress for defendants' violation of his First Amendment right. Plaintiff's damages for emotional distress may not be calculated based on the undisputed facts of this case. Plaintiff contends that his is innocent of the charges of which he was convicted and is seeking between one half and one percent of "the state's entire holdings as payment for [defendants'] illegal actions which has cost plaintiff a lifetime of pain and suffering at the hands of the state."

This case, therefore, proceeds on plaintiff's damages claims. The court, however, is not persuaded that the damages issue is best resolved by first adjudicating cross-motions for summary judgment. Accordingly, the court now sets the matter for pretrial conference. The date for trial will be reset in the forthcoming pretrial order.

Plaintiff's failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

////

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

    1. The prospective witness is willing to attend;

and

    2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

    1. State the name, CDC Identification number, and address of each such witness; and

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and

where the prospective witness informed the party of this willingness; or

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

### III.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

### IV.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff *in forma pauperis* status.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial within 30 days of the date this order is served. Plaintiff's failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

2. Defendants shall file their pretrial statement within 15 days of the date plaintiff serves his pretrial statement.

3. Pretrial conference as described in Local Rule 16-282 will be conducted on the file only, without appearance by either party.

4. The date for jury trial before the Honorable Lawrence K. Karlton will be set in the forthcoming pretrial order.

DATED: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE