UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

        Plaintiff,

   v.

ROBINSON and PIERCE,

        Defendants.
_____/

NO. CIV. S-02-1563 LKK/EFB P

O R D E R

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* against the defendants under 42 U.S.C. § 1983. The plaintiff's complaint alleged that the defendants denied him access to the courts by refusing to photocopy documents that he wished to attach to his habeas corpus petition in state court. On August 20, 2007, the Magistrate Judge recommended that the plaintiff's motion for summary judgment on the issue of liability be granted and defendants' motion for summary judgment be denied. The court adopted the recommendations in an order issued on September 26, 2007. On November 15, 2007, the Magistrate Judge ordered the

1

1  parties to brief the issue of how damages should be determined and,
2  specifically, whether the issue of damages could be resolved on
3  cross motions for summary judgment. Based upon this briefing, on
4  February 12, 2008, the Magistrate Judge concluded that damages
5  could not be resolved based on cross motions for summary judgment
6  and set the matter for pretrial conference.

7  Before the court is the Defendants' Motion for Reconsideration
8  of the Magistrate Judge's February 12, 2008 order. Defendants argue
9  that the Magistrate Judge erred in concluding that the plaintiff
10 could recover damages for mental or emotional injury on the facts
11 and circumstances of this case. As explained below, the court
12 denies the defendants' motion.

### II. STANDARD

14 The court may reverse a Magistrate Judge's ruling only if the
15 moving party shows that the ruling was "clearly erroneous or
16 contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.
17 72(a); see also Local Rule 72-303(f).

### III. ANALYSIS

19 In his February 12, 2008 order, the Magistrate Judge concluded
20 that trial was appropriate for determining the damages to which the
21 plaintiff was entitled because the calculation of damages for the
22 plaintiff's emotional and mental injury, if any, could not be
23 determined based upon the undisputed facts of the case. See Order,
24 February 12, 2008, at 2. In their motion, the defendants contend
25 that the plaintiff is barred from recovering damages for emotional
26 and mental injury for his injury, under the Prison Litigation

Reform Act ("PLRA") and Ninth Circuit precedent.

Under the PLRA, 42 U.S.C. § 1997e(e), a prisoner may not recover for damages for mental or emotional injury suffered while in custody without a prior showing of physical injury. As the Magistrate Judge explained, this limitation on recovery, however, does not apply when the plaintiff asserts a First Amendment claim. Canell v. Lightner, 143 F.2d 1210, 1213 (9th Cir. 1998). In Canell, the plaintiff, a prisoner, brought suit under Section 1983 based on allegations that a corrections officer engaged in religious "proselytizing activities" towards the plaintiff, in violation of the plaintiff's First Amendment Rights. Id. at 1212. The district court granted summary judgment in favor of the defendants, which the Ninth Circuit affirmed. Id. at 1212-13. The Ninth Circuit addressed the defendants' argument that 42 U.S.C. § 1997e(e) barred the plaintiff's relief:

> The appellees in this case argue that this provision bars Canell's action because he is alleging only "mental or emotional injury" without the requisite physical injury. We disagree. Canell is not asserting a claim for "mental or emotional injury." He is asserting a claim for a violation of his First Amendment rights. The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought.

Id. at 1213. Here, the defendants argue that the Canell court held that recovery for compensatory, nominal, or punitive damages are permitted under the PLRA even if the plaintiff has not alleged physical injury. The court concludes that the

3

1  Magistrate Judge's ruling was not "clearly erroneous or
2  contrary to law" for failing to adopt this interpretation.
3      The Magistrate Judge interpreted <u>Canell</u> to hold that
4  "the PLRA does not limit plaintiff's ability to seek damages
5  for mental or emotional distress for defendants' violation of
6  his First Amendment right." <u>See</u> Order, February 12, 2008, at
7  2. This interpretation is supported by the plain language of
8  <u>Canell</u>, which held that the plaintiff was entitled to relief
9  without a showing of physical injury, because the relief he
10 sought stemmed from a claim of violation of his First
11 Amendment rights. <u>Canell</u>, 143 F.2d at 1213. The Magistrate
12 Judge's interpretation has also been applied by the Ninth
13 Circuit in a subsequent case. <u>See</u> <u>Phillips v. Hust</u>, 477 F.3d
14 1070, 1082 n. 6 (relying on <u>Canell</u> and rejecting defendant's
15 argument that damages for emotional distress are unavailable
16 when the plaintiff alleges a First Amendment claim). The
17 plaintiff's position here is analogous to that of the <u>Canell</u>
18 plaintiff: he has alleged a violation of his First Amendment
19 rights and seeks damages for this violation. <u>Canell</u> does not
20 limit his damages to a certain type nor preclude recovery for
21 damages for emotional distress that stemmed from the First
22 Amendment violation. <u>See</u> <u>id.</u> The Magistrate Judge's ruling
23 was not clearly erroneous or contrary to law.
24 ////
25 ////
26 ////

**IV. CONCLUSION**

The defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: February 29, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT