UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

        Plaintiff,

   v.

ROBINSON and PIERCE,

        Defendants.
_____/

NO. CIV. S-02-1563 LKK/EFB P

O R D E R

    Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* against the defendants under 42 U.S.C. § 1983. The plaintiff's complaint alleged that the defendants denied him access to the courts by refusing to photocopy documents that he wished to attach to his habeas corpus petition in state court. On August 20, 2007, the Magistrate Judge recommended that the plaintiff's motion for summary judgment on the issue of liability be granted and defendants' motion for summary judgment be denied. The court adopted the recommendations.

    The Magistrate Judge subsequently ordered the parties to brief

1

the issue of how damages should be determined and, specifically, whether the issue of damages could be resolved on cross motions for summary judgment. Based upon this briefing, on February 12, 2008, the Magistrate Judge concluded that damages could not be resolved based on cross motions for summary judgment and set the matter for pretrial conference. Defendants moved the court for reconsideration of the Magistrate Judge's order, which was denied.

Pending before the court is the defendants' motion for certification for interlocutory appeal and a stay of all proceedings in this action.[1] The court denies the motion.

## II. STANDARD

A district judge may certify an order for interlocutory appeal if: (1) the order presents a controlling question of law, (2) there is substantial ground for a difference of opinion on that controlling question, and (3) an immediate appeal will materially advance the litigation. 28 U.S.C. § 1292(b); see also In re. Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

## III. ANALYSIS

Here, the defendants appear to seek certification to appeal the Magistrate Judge's February 12, 2008 order, specifically the holding that the plaintiff may seek damages for mental and emotional distress for his claim. The court agrees that this presents a controlling question of law, as it could materially affect the outcome of the litigation by defining what damages are

---

[1] Plaintiff has filed no opposition.

1 recoverable as a matter of law. See In re. Cement, 673 F.2d at
2 1026.
3     Nevertheless, the defendants have not shown that there is
4 "substantial ground for difference of opinion" on the question of
5 law. See 28 U.S.C. § 1292(b). As the court explained in its denial
6 of the motion for reconsideration, the Magistrate Judge applied
7 clear Ninth Circuit precedent in holding that the plaintiff,
8 because his claim alleged violations of his First Amendment rights,
9 could seek damages for emotional and mental distress. This was the
10 plain and straightforward holding of Canell v. Lightner, 143 F.2d
11 1210 (9th Cir. 1998), which has been confirmed, albeit in dicta,
12 in a subsequent case. See Phillips v. Hust, 477 F.3d 1070, 1082 n.
13 6 (9th Cir. 2007). Where there position of the Circuit court has
14 been unequivocal, there is no substantial ground for difference of
15 opinion meriting interlocutory review. See, e.g., Transport Workers
16 of America, Local 100 v. N.Y. City Transit Auth., 358 F. Supp. 2d
17 347 (S.D.N.Y. 2005); Salim Oleochemicals, Inc. v. M/V SHROPSHIRE,
18 177 F. Supp. 2d 159 (S.D.N.Y. 2001); Brown v. Mesirow Stein Real
19 Estate, Inc., 7 F. Supp. 2d 1004 (N.D. Ill. 1998); Johnson v.
20 Washington Metro. Area Transit Auth., 773 F. Supp. 449 (D.D.C.
21 1991); see also In re. Flor, 79 F.3d 281 (2d Cir. 1996) (that an
22 issue was one of first impression did not create a substantial
23 ground for difference of opinion meeting section 1292's standard).
24 Mere disagreement with the court's ruling does not suffice. See
25 Kern-Tulare Water Dist. v. Bakersfield, 634 F.Supp. 656, 667 (E.D.
26 Cal. 1986), aff'd in part and rev'd in part on other grounds, 828

1  F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015(1988).
2  　　　Because the court holds that the defendants have not shown
3  that there is a substantial grounds for a difference of opinion on
4  a controlling question of law, it need not consider whether the
5  appeal would materially advance the litigation.

6  **IV. CONCLUSION**

7  　　　Accordingly, defendants' motion for certification for
8  interlocutory appeal and to stay the proceedings is DENIED.
9  　　　IT IS SO ORDERED.
10 　　　DATED: May 2, 2008.

　　　　　　　　　　　　_____
　　　　　　　　　　　　LAWRENCE K. KARLTON
　　　　　　　　　　　　SENIOR JUDGE
　　　　　　　　　　　　UNITED STATES DISTRICT COURT