IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

    Plaintiff,                    No. CIV S-02-1563 LKK EFB P

    vs.

LEON ROBINSON, et al.,

    Defendants.            <u>ORDER</u>

                             /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is defendants Robinson and Pierce's motion for reconsideration of the order, filed on September 26, 2007, denying their motion for summary judgment and granting plaintiff's motion for summary judgment on liability. Defendants contend that their motion should be granted because the court's order, and the findings and recommendations that it adopted in full, were based on the court's interpretation of California Rules of Court that were not in effect at the time of the incident giving rise to this action.

**I. BACKGROUND**

      Plaintiff initiated this action by filing a verified complaint on July 23, 2002. The complaint alleges that in November and December of 1999, defendants violated his First Amendment right of access to the courts by denying him photocopies of documents he sought to

attach as exhibits to a habeas petition he filed in state court. Defendants moved to dismiss the complaint for failure to state a claim and based on qualified immunity. The court denied that motion on March 22, 2004. Defendants subsequently moved for summary judgment on May 10, 2005. On March 1, 2006, the previously assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. Plaintiff filed objections. On March 31, 2006, the court declined to adopt those findings and recommendations, stating:

> The magistrate judge found that a pro se habeas corpus petitioner is not *required* to provide exhibits or other supporting documents with his initial petition and thus that defendants' refusal to copy the exhibits did not cause "actual injury" to plaintiff's constitutional right to access the court. Findings and Recommendations filed on March 1, 2006 at 6-7.
>
> The court cannot agree with this conclusion at this time. First, it is not clear to the court that the relevant question is whether the prisoner was required to provide the exhibits. Rather, *the appropriate question appears to be whether the failure to allow the plaintiff to provide additional evidence in support of his habeas petition resulted in the state court denying the petition on the grounds that petitioner "made no offer of proof by way of additional evidence" to support his argument that the findings of the jury were unreasonable. It does not follow that because the prisoner was not required to attach supporting documents that he did not have such a right.* This becomes significant in light of the finding by the Superior Court which denied the habeas on the ground that no additional evidence was proffered.
>
> . . . .
>
> For the reasons set forth above, the court DECLINES to adopt the magistrate judge's March 1, 2006 findings and recommendations and REMANDS the case to the magistrate judge for further proceedings consistent with this order.

Order, Mar. 31, 2006 (second emphasis added).

Following this order, the magistrate judge denied defendants' motion for summary judgment, and granted the parties leave to file new motions for summary judgment. Thereafter, the parties filed cross-motions for summary judgment. On August 20, 2007, the magistrate judge recommended that defendants' motion for summary judgment, including their request for qualified immunity, be denied, and that plaintiff's motion for summary judgment be granted as to liability, thereby leaving damages as the only outstanding issue. The court adopted the

recommendations in an order issued on September 26, 2007. On October 4, 2007, defendants filed a notice of appeal based on the court's determination that defendants were not entitled to qualified immunity. The Court of Appeals for the Ninth Circuit, however, dismissed the appeal by order filed January 22, 2008, based on the parties' voluntary dismissal of the appeal.

The magistrate judge subsequently ordered the parties to brief the issue of how damages should be determined and, specifically, whether the issue of damages could be resolved on cross motions for summary judgment. Based upon this briefing, on February 12, 2008, the magistrate judge concluded that damages could not be resolved based on cross motions for summary judgment and ordered the parties to file pretrial statements. Defendants moved the court for reconsideration of the magistrate judge's order, which the court denied. Order, Feb. 29, 2008. Thereafter, defendants moved for certification for interlocutory appeal and to stay the proceedings, which the court also denied. Order, May 5, 2008.

On June 15, 2009, the magistrate judge issued a pretrial order, setting a trial confirmation hearing for August 17, 2009 (continued by separate order to September 28, 2009), and setting trial for November 17, 2009.

On June 19, 2009, defendants moved for reconsideration of the order, filed on September 26, 2007, denying their motion for summary judgment and granting plaintiff's motion for summary judgment on liability. On June 30, 2009, plaintiff opposed defendants' motion.

## II. STANDARD

Defendants seek relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that the court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). However, Rule 60(b) does not provide relief from judgments, orders or proceedings that are not final. United States v. Martin, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000) ("Rule 60(b) . . . applies only to motions attacking, final, appealable orders . . . ."). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

1   Therefore, an order that determines liability but not damages is not a final decision. <u>Cal. ex rel.</u>

2   <u>Cal. Dep't of Toxic Substances Control v. Campbell</u>, 138 F.3d 772, 776 (9th Cir. 1998); <u>see also</u>

3   Fed. R. Civ. P. 60(b) advisory committee's note (1946) ("The addition of the qualifying word

4   'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b)

5   affords relief; and hence interlocutory judgments are not brought within the restrictions of the

6   rule, but rather they are left subject to the complete power of the court rendering them to afford

7   such relief from them as justice requires.").

8   Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend

9   interlocutory orders at any time prior to entry of a final judgment. <u>School Dist. v. Lundgren</u>, 259

10  F.2d 101, 105 (9th Cir. 1958). Local Rule 78-230(k) requires that a party seeking

11  reconsideration of a district court's order must brief the "new or different facts or circumstances .

12  . . [which] were not shown upon such prior motion, or what other grounds exist for the motion."

13  E.D. Local Rule 78-230(k)(3). The party seeking reconsideration must also show "why the facts

14  or circumstances were not shown at the time of the prior motion." <u>Id</u>. at 78-230(k)(4). The rule

15  derives from the "law of the case" doctrine which provides that the decisions on legal issues

16  made in a case "should be followed unless there is substantially different evidence . . . new

17  controlling authority, or the prior decision was clearly erroneous and would result in injustice."

18  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner</u>

19  <u>v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064 (1986).

### III.  ANALYSIS

21  Here, defendants contend that they "mistakenly referenced" in their motion for summary

22  judgment versions of Rules 56 and 60 of the California Rules of Court that only became effective

23  on January 1, 2005, five years after the incident at issue.[1]   Defs.' Mot. for Recons., Mem. of P.

---

[1] Determining which version of a rule existed at a particular time is a simple inquiry. This court expects attorneys to make this inquiry before submitting a brief to the court that includes arguments based upon a particular rule, especially when that brief purports to include an accurate copy of that rule. The undesirable, yet entirely avoidable result of "mistakes" like this

4

1  & A. in Supp. Thereof ("Defs.' P. & A.") at 2.  See also Defs.' May 10, 2005 Mot. for Summ. J.,
2  Mem. of P. & A. in Supp. Thereof at 6-9, Ex. 8; Defs.' Sept. 26, 2006 Mot. for Summ. J., Mem.
3  of P. & A. in Supp. Thereof at 23, 25.  This, defendants argue, resulted in the court basing its
4  order denying defendants' motion for summary judgment and granting plaintiff's cross-motion
5  on a version of these rules that was not in effect at the time petitioner was refused the copies of
6  exhibits he requested.  Defs.' P. & A. at 4.  According to defendants, "Rules 56 and 60 in effect
7  at the relevant time period provide no basis for the Court's ruling that Plaintiff was required to
8  attach exhibits to his petition."  Id. at 3.

9       As a threshold matter, this court's Local Rules provide that when filing a motion for
10  reconsideration, a party must show that there are new or different facts or circumstances which
11  did not exist at the time of the prior ruling, or that other grounds exist for the motion.  E.D. Local
12  Rule 78-230(k)(3).  The party must also establish why the facts or circumstances were not shown
13  at the time of the prior motion.  Id. at 78-230(k)(4).  Defendants' request to reconsider the court's
14  order is not based on any new facts or law not in existence at the time the cross-motions for
15  summary judgment were filed.  Rather, it is based on the contention that the court did not analyze
16  the motions under the correct versions of Rules 56 and 60 of the California Rules of Court.
17  Defendants offer no explanation as to why they failed to present to the court the correct versions
18  of the California Rules of Court at the time they filed their summary judgment motion.  But more
19  importantly, defendants have not shown how their error in citing the wrong state court rules when
20  they filed their earlier motion makes any difference in the outcome as to the merits of that
21  motion.

22       Defendants have not shown that the court's ruling is "clearly erroneous and would result
23  in injustice," even assuming that the applicable versions of Rules 56 and 60 did not require
24  plaintiff to attach exhibits to his habeas petition.  See Handi Investment Co., 653 F.2d at 392;

---

one, is protracted litigation that further burdens this court's already congested docket and quickly erodes the court's confidence in that attorney's filings.

5

1  Waggoner, 767 F.2d. at 593. Defendants argue that the "versions of the rules that were in effect
2  do not support Plaintiff's case, but support Defendants' arguments on whether they were
3  obligated to meet Plaintiff's copy request, and whether they are entitled to qualified immunity."
4  Defs.' P. & A. at 7. The argument misses the point. Whether the rules did not or did not require
5  that exhibits be attached to petitions is not dispositive of whether his right to submit them to the
6  court was violated. The argument also disregards the practical and rather obvious point that
7  regardless of the presence or absence of a rule of court requiring a plaintiff/petitioner to support
8  factual claims with evidence, a plaintiff/petitioner cannot meet his or her burden of proof without
9  doing so. Thus, defendants current citation to the correct state court rules does not translate into
10 a determination that the challenged order, which assumed that rules did require that exhibits be
11 attached to petitions, is clearly erroneous.
12        The court previously stressed that the relevant question is not "whether the prisoner was
13 *required* to provide the exhibits," and reasoned that it "does not follow that because the prisoner
14 was not required to attach supporting documents that he did not have such a right." Order, Mar.
15 31, 2006. This point was reiterated in the magistrate judge's findings and recommendations,
16 which this court adopted in full on September 26, 2007. In those findings and recommendations,
17 the magistrate judge rejected defendants' argument, which was based on the premise that Rules
18 56 and 60 did not require a petitioner to attach supporting documentation, explaining that the
19 argument "does not address the question of whether petitioner's right to support his claim with
20 necessary evidence was impeded by the refusal to copy his exhibits." Findings &
21 Recommendations, Aug. 20, 2007 ("F. & R."), at 8. The magistrate judge determined that
22 defendants did, in fact, impede plaintiff's right, noting that the superior court denied plaintiff's
23 petition, as to three of his claims, on the specific grounds that they lacked supporting
24 documentation. F. & R. at 5, 11-12. While the magistrate judge found that plaintiff was required
25 to attach supporting documents to his habeas petition, the magistrate judge did not need to make
26 this finding in order to also find that plaintiff had a right to attach supporting documents, and that

defendants interfered with that right. As the magistrate judge explained:

> That defendants were unaware of the plain language of the California Rules of Court does not affect this result. It was entirely foreseeable that denying plaintiff his requested photocopies would interfere with plaintiff's ability to file a completed petition for writ of habeas corpus in *any* court.

Id. at 14. Thus, even assuming the relevant versions of the rules did not require that exhibits be attached to petitions, the result is unchanged and the challenged order is not clearly erroneous.

## IV.  CONCLUSION

Accordingly, defendants' request for reconsideration is DENIED

IT IS SO ORDERED.

DATED: August 13, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT