UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WAYNE SPRINKLE, | No. 2:02-cv-1563-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| LEON ROBINSON, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendant has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. For the reasons set forth below, the court declines to adopt the findings and recommendations at this time and, instead, refers the matter back to the magistrate judge for further proceedings consistent with this order.

/////

1

This action arises from defendants' violation of plaintiff's First Amendment right of access to the courts by denying plaintiff copies of documents supporting a state court habeas petition.[1] Plaintiff filed the petition, without supporting documents, in the Mendocino County Superior Court, where it was denied on January 5, 2000. Findings and Recommendations, filed August 6, 2014 (ECF No. 154) at 2-3 (quoting ECF No. 71 at 4-6). Plaintiff sought review of the denial in the state court of appeal. Id.

> Plaintiff included correspondence to that court explaining the deficiency and lack of exhibits, and asked the court for relief and an order to direct the institution of custody to copy the exhibits referred to in the writ petition. On January 25, 2000, the court clerk for the First Appellate District Court returned plaintiff's state habeas petition, requesting plaintiff to attach the missing exhibits that defendants refused to copy, before the court would accept the petition and assign it a docket number. Court records show that plaintiff's habeas petition was denied by the First Appellate District Court on April 13, 2000.

Id. Plaintiff did not file a petition for writ of habeas corpus in the California Supreme Court, nor did he file a federal habeas corpus petition.[2]

On March 2, 2006, a magistrate judge recommended summary judgment for defendants based on a finding that under California law a pro se habeas corpus petitioner was not required to provide supporting documents with his petition and, therefore, "that defendants' refusal to copy exhibits did not cause 'actual injury' to plaintiff's constitutional right to access the court." Order filed March 31, 2006 (ECF No. 49) at 1 (quoting Findings and Recommendations filed March 1, 2006 (ECF No. 46) at 6-7. The district court declined to adopt the findings and recommendations, concluding that "the appropriate question appears to be whether the failure to allow the plaintiff to provide additional evidence in support of his habeas petition resulted in the state court denying the petition on the grounds that the petitioner 'made no offer of proof by way of additional evidence' to support his argument that the findings of the jury were unreasonable.'" Id. at 2. As noted above, summary judgment was subsequently entered for plaintiff on the

---

[1] Defendants' liability on the merits of plaintiff's First Amendment claim has been decided in plaintiff's favor. See Order filed September 26, 2007 (ECF No. 74), adopting in full Findings and Recommendations filed August 20, 2007 (ECF No. 71).

[2] Plaintiff did seek direct review of his conviction in the California Supreme Court. Defs. Request for Judicial Notice (RJN) 5 (ECF No. 134).

question of liability, leaving the question of damages for further proceedings.  See ECF Nos. 71, 74.

In an order filed September 29, 2009, the district court vacated the date set for jury trial and remanded the matter to the magistrate judge "for briefing as to damages, including whether the inclusion of plaintiff's exhibits with his habeas petition would have altered the result of his criminal conviction and sentence, and how that issue relates to plaintiff's claim for damages." Order filed September 28, 2009 (ECF No. 119).  The findings and recommendations at bar follow submission of the briefs filed by the parties.[3]

The magistrate judge notes two agreements by the parties: first, "that plaintiff's damages will be much greater if it is determined that his state habeas petition would have been granted had the exhibits been included" and second, "that, regardless of whether the state petition would have succeeded, plaintiff is owed nominal damages, some amount of compensatory damages, and potentially punitive damages." Findings and Recommendations (ECF No. 154) at 3-4.  He recommends that the damages questions be tried by a jury and that the jury be tasked with resolving whether petitioner' state habeas petition had merit.  Id. at 4, 18.

A threshold question must be resolved prior to resolution of which questions, if any, are for the court in this action and which, if any, are for the jury.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

---

[3] The record reflects numerous extensions of time sought and received by the parties to file their briefs on damages and materials related thereto.

> invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87. Unlike Heck, where the plaintiff sought money damages for claims arising directly from his criminal conviction, see id. at 479, here plaintiff's claim for damages arises from defendants' interference with plaintiff's right to access the courts to obtain habeas corpus relief. The United States Court of Appeals for the Ninth Circuit has not squarely addressed whether Heck's so-called favorable termination rule applies to damages claims based on interference with habeas corpus claims or other collateral attacks on criminal convictions. See Koch v. Jester, 2014 WL 3783961, slip op. at 4. The United States Court of Appeals for the Seventh Circuit and several district courts in the Ninth Circuit have so held. See id. at 4-5 (and cases cited therein). The threshold question that must be resolved in this action is whether plaintiff may recover money damages based on a finding that his habeas corpus petition would have been granted absent defendants' refusal to make the requested copies or, instead, whether this aspect of plaintiff's claim is barred by the rule announced in Heck.[4] The parties have not briefed this question, and it is not addressed in the findings and recommendations before the court.

      Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

      1. The findings and recommendations filed August 6, 2014 are not adopted at this time; and

/////

/////

/////

---

[4] Whether a habeas corpus remedy remains available to plaintiff, and the consequences if it does not, should also be addressed. See Guerrero v. Gates, 442 F.3d 697, 704-05 (9th Cir. 2006) (discussing Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002)) (fact that habeas relief is no longer available to a § 1983 plaintiff does not necessarily preclude application of the rule announced in Heck); cf. Hoard v. Reddy, 175 F.3d 531, 533 (7th Cir. 1999) ("there is probably an exception to the rule of Heck for cases in which no route other than a damages action under section 1983 is open to the person to challenge his conviction.")

4

    2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: November 7, 2014

                                              /s/ John A. Mendez_____

                                              UNITED STATES DISTRICT COURT JUDGE