UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WAYNE SPRINKLE,<br><br>Plaintiff,<br><br>v.<br><br>LEON ROBINSON, et al.,<br><br>Defendants. | No. 2:02-cv-1563-JAM-EFB P<br><br>ORDER DIRECTING FILING OF PRETRIAL STATEMENTS |

Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983. This action is ready to proceed to trial. Accordingly, the parties shall file pretrial statements in accordance with Local Rule 281 and this order.

Notwithstanding Local Rule 281, the parties shall submit a joint pretrial statement not later than 28 days from the date of this order. The joint pretrial statement shall conform to the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an

1

element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 28 days of the date of this order, the parties shall submit a joint pretrial statement in accordance with the requirements of Local Rule 281 and this order.
2. Pretrial conference (as described in Local Rule 282) will be conducted on the file only, without appearance by either party.
3. The date for jury trial before the district judge will be set in the pretrial order.

DATED: August 10, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE