1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MARK WAYNE SPRINKLE,                      No. 2:02-cv-1563-JAM-EFB P

11                 Plaintiff,

12          v.                                 ORDER SETTING SETTLEMENT
                                               CONFERENCE
13   LEON ROBINSON, et al.,

14                 Defendants.

15

16          Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983.  The

17   court has determined that this case will benefit from a settlement conference.  Therefore, this case

18   will be referred to Magistrate Judge Jennifer L. Thurston to conduct a settlement conference at

19   the U. S. District Court, 510 19th Street, Bakersfield, California 93301 on March 1, 2018 at 9:30

20   a.m.

21          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

22   this order.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.  This case is set for a settlement conference before Magistrate Judge Jennifer L.

25              Thurston on March 1, 2018 at 9:30 a.m. at the U. S. District Court, 510 19th Street,

26              Bakersfield, California 93301.

27

28
                                                    1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. At least 21 days before the settlement conference, plaintiff SHALL submit to defendant, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, no later than 14 days before the settlement conference, defendant SHALL respond, by telephone or in person, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the courtroom deputy of Magistrate Judge Thurston.

5. If settlement is not achieved informally, each party shall provide a confidential settlement statement to the following email address: jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Jennifer L. Thurston, USDC CAED, 510 19th Street, Suite 200, Bakersfield, CA 93301. The envelope shall be marked "Confidential Settlement Statement."

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1    Settlement statements shall arrive no later than February 22, 2018.  Parties shall also

2    file a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)).

3

4    Settlement statements **should not be filed** with the Clerk of the court **nor served on**

5    **any other party**.  Settlement statements shall be clearly marked "confidential" with

6    the date and time of the settlement conference indicated prominently thereon.

7

8    The confidential settlement statement shall be **no longer than five pages** in length,

9    typed or neatly printed, and include the following:

10

11   a.   A brief statement of the facts of the case.

12   b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon

13        which the claims are founded; a forthright evaluation of the parties' likelihood of

14        prevailing on the claims and defenses; and a description of the major issues in

15        dispute.

16   c.   A summary of the proceedings to date.

17   d.   An estimate of the cost and time to be expended for further discovery, pretrial, and

18        trial.

19   e.   The relief sought.

20   f.   The party's position on settlement, including present demands and offers and a

21        history of past settlement discussions, offers, and demands.

22   g.   A brief statement of each party's expectations and goals for the settlement

23        conference, including how much a party is willing to accept and/or willing to pay.

24       So Ordered.

25   DATED:  January 29, 2018.

26                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE
27

28
                                                3