UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

    Plaintiff,

  v.

LEON ROBINSON ,

    Defendant.

No. 2:02-cv-1563-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court has granted partial summary judgment (as to liability) in favor of plaintiff on his claim that defendants violated his right to access the courts when they refused to photocopy exhibits he needed to attach to a habeas petition pending in a California superior court. ECF No. 74. Currently before the court is plaintiff's motion for appointment of counsel and defendants' motion for summary judgment regarding damages. ECF Nos. 221, 244. For the reasons that follow, the motion for appointment is denied counsel and consideration of the motion for summary judgment is deferred, pending plaintiff's response to the notice attached hereto.

**I.    Plaintiff's Motion for Counsel**

Plaintiff again seeks appointment of counsel. ECF No. 220. As the court's prior orders have informed plaintiff, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).

1

In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court again finds there are no exceptional circumstances in this case. *See* ECF No. 190. While plaintiff urges that he is not trained in law and will face difficulty in preparing for trial, this fact is shared by many, if not the majority, of indigent prisoners. The issues that remain for trial in this case – the type and amount of damages plaintiff may recover – do not present the degree of legal complexity that warrants appointment of counsel.

**II.** *Rand* **Notice**

The Ninth Circuit requires defendants seeking summary judgment to advise pro se prisoner plaintiffs of the requirements for opposing the motion. *Rand v. Rowland*, 154 F.3d 952, 957-59 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999). This notice must be provided concurrently with the motion for summary judgment. *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). The court's review of the docket reveals that defendants failed to provide the *Rand* notice to plaintiff concurrently with the instant motion for summary judgment. To rectify that failure and to ensure that plaintiff has the opportunity to respond to the motion for summary judgment with the benefit of the information provided in such a notice, the court will attach a *Rand* notice to this order and provide plaintiff with 14 days in which to inform the court whether he wishes to amend his opposition to the motion for summary judgment. The court notes that plaintiff has already provided a thorough opposition, and plaintiff is not obligated to amend or supplement it.

**III.    Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's April 27, 2018 motion for appointment of counsel (ECF No. 220) is DENIED; and

2. Plaintiff shall have 14 days from the date of this order to inform the court whether he wishes to file an amended opposition to the motion for summary judgment. If plaintiff fails to so inform the court within that time, the court will consider the motion submitted on the opposition briefing plaintiff has already filed.

DATED: January 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your

/////

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. April 3, 2014) (en banc).

1

| | |
|---:|---|
| 1 | opposition.  If you do not respond to the motion, the court may consider your failure to act as a |
| 2 | waiver of your opposition.  <u>See</u> L.R. 230(l). |
| 3 | If the court grants the defendant's motion, whether opposed or unopposed, judgment will |
| 4 | be entered for that defendant without a trial and the case will be closed as to that defendant. |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |