UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WAYNE SPRINKLE,<br><br>Plaintiff,<br><br>v.<br><br>LEON ROBINSON and JOHN PIERCE,<br><br>Defendants. | No. 2:02-cv-1563-JAM-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983. The court has granted summary judgment as to liability in favor of plaintiff on his claim that defendants violated his right to access the courts when they refused to photocopy exhibits he needed to attach to a habeas petition pending in a California superior court. ECF No. 74. Currently before the court is defendants' motion for summary judgment regarding damages. ECF Nos. 244. For the reasons that follow, it is recommended that the motion be denied.

**I.   Background**

Plaintiff alleged that in November and December of 1999, defendants violated his First Amendment right of access to the courts by denying him photocopies of documents that he was required to attach as exhibits to a habeas petition he filed in state superior court. ECF No. 1. He

1

claimed that defendants refused to provide the copies and that, as a result, the state court ultimately dismissed his petition. *Id.*

The parties filed cross-motions for summary judgment. ECF Nos. 55, 64. On August 20, 2007, the undersigned recommended that defendants' motion for summary judgment be denied and plaintiff's motion for summary judgment be granted as to liability. ECF No. 71. The assigned district judge adopted that recommendation on September 26, 2007. ECF No. 74. The findings included the following relevant facts:

> At all times relevant to this action, plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison (MCSP) in Ione, California. Defendant Robinson was a Senior Librarian and defendant Pierce was a Supervisor of Academic Education and defendant Robinson's supervisor at MCSP.
>
> Plaintiff was tried on multiple felony charges involving sexual offenses against three girls under the age of 14 with whom he was acquainted. The case turned on questions of credibility. Plaintiff was convicted on some charges, acquitted of others, and sentenced to 16 years to life in prison. Plaintiff began serving his prison sentence on October 8, 1996, and was transferred to MCSP on April 15, 1999, where he has since been continuously confined.
>
> On November 5, 1999, plaintiff prepared to challenge his conviction by submitting to Cova, the B-Yard Librarian at MCSP, a state application for a writ of habeas corpus with supporting documents with a request that they be copied. Cova submitted the documents to the Senior Librarian, defendant Robinson, who took it upon himself to decide that the documents were not required under state rules of court and refused to copy them…. The record shows that on December 14, 1999, plaintiff requested three sets of photocopies of 81 pages of documents and two sets of copies of 437 pages of documents, for a total cost of $111.70, together with a signed Trust Account Withdrawal Order. Plaintiff had a copy made of the petition, without his supporting documents, and timely filed it with the Mendocino County Superior Court.
>
> At the time plaintiff filed his petition in superior court, California Rules of Court Rule 56 provided that "a petition that seeks review of a trial court ruling *must be* accompanied by an adequate record, including copies of ... all documents and exhibits submitted to the trial court supporting and opposing petitioner's position," "any other documents or portions of documents submitted to the trial court that are necessary for a complete understanding of the case and the ruling under review," and "a reporter's transcript of the oral proceedings that resulted in the ruling under review." Rule 56, California Rules of Court (emphasis added).
>
> Plaintiff had a copy made of the petition, without his supporting documents, and timely filed it with the Mendocino County Superior Court. On January 5, 2000, the Mendocino County Superior Court filed its decision denying plaintiff's petition for writ of habeas corpus, citing lack of supporting documentation as grounds for denial on as many as three issues.

2

> Plaintiff sought review by submitting, on January 15, 2000, the superior court denial of his writ to the First Appellate District Court for the California Courts of Appeal. Plaintiff included correspondence to that court explaining the deficiency and lack of exhibits, and asked the court for relief and an order to direct the institution of custody to copy the exhibits referred to in the writ petition. On January 25, 2000, the court clerk for the First Appellate District Court returned plaintiff's state habeas petition, requesting plaintiff to attach the missing exhibits that defendants refused to copy, before the court would accept the petition and assign it a docket number. Court records show that plaintiff's habeas petition was denied by the First Appellate District Court on April 13, 2000.

ECF No. 71 at 4-6. The court concluded that, as a consequence of defendants' refusal to copy plaintiff's exhibits, the state superior court denied the petition based in part on a lack of supporting documentation and because plaintiff "made no offer of proof by way of additional evidence." *Id.* at 11-12.[1]

As noted, the district judge later referred the case to the assigned magistrate judge for consideration of the impact of the "favorable-termination rule" of *Heck v. Humphrey*, 512 U.S. 477 (1992) on plaintiff's damages claims. ECF No. 157. The court ordered further briefs from the parties on the issue and recommended on March 22, 2017 that plaintiff be allowed to proceed to a jury trial to determine damages for any losses that would not necessarily imply the invalidity of his continued incarceration. ECF No. 166. While plaintiff's claim for compensation for time spent in prison between the denial of his state habeas and the present due to defendants' conduct is barred by *Heck,* the undersigned found that other damages were not barred; "for example, compensation for time spent preparing the petition and/or the costs of filing it," nominal damages if compensatory damages could not be shown, and punitive damages. *Id.* at 16-17. Findings and a recommendation were issued accordingly.

The district judge adopted the recommendation in full, leaving the sole issue in the case for trial as the factual assessment of any other damages plaintiff may have sustained. ECF No. 171. Plaintiff sought a continuance on the first day of trial, however.

---

[1] Defendant Pierce was defendant Robinson's supervisor. ECF No. 1 at 13. Plaintiff also alleged that defendant Pierce violated his right to access to courts by refusing to copy the exhibits. *Id.*

3

ECF No. 236. The court granted the continuance and invited a dispositive motion by defendants regarding damages. *Id.* Defendants filed a motion for summary judgment on the issue, which was referred to the undersigned. ECF Nos. 243, 244.

As discussed in greater detail below, the court has already determined the legal issues concerning availability of damages to plaintiff in this action, leaving only the factual issues of what damages plaintiff may recover for determination. The parties' submissions reveal numerous material factual disputes concerning plaintiff's damages. Accordingly, the motion for summary judgment should be denied and the evidence presented to a jury.

## II. The Motion for Summary Judgment

### A. Legal Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323;

4

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element

5

of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

The court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure on January 18, 2019. ECF No. 255; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert.

denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Because defendants had failed to provide such a notice concurrently with their motion for summary judgment, the court provided plaintiff with an opportunity to amend his opposition in response to the *Rand* notice. ECF No. 255. Plaintiff has elected not to file an amended opposition and the time for doing so has elapsed. Accordingly, the matter is submitted on plaintiff's existing opposition brief.

### B. Analysis

42 U.S.C. § 1983 creates a species of tort liability, and damages in such cases are accordingly determined by principles derived from the common law of torts. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986). In accord with those principles, § 1983 plaintiffs may recover: (1) compensatory damages – to compensate for the injury defendants' misconduct has caused to plaintiff (*id.* at 306); (2) nominal damages – a nominal sum to vindicate plaintiff where defendants' misconduct did not cause actual, provable injury (*id.* at 308 n.11); and (3) punitive damages (*Smith v. Wade*, 461 U.S. 30, 56 (1971)).

#### i. Compensatory Damages

Defendants first argue that plaintiff cannot obtain damages for costs and efforts he spent futilely in litigating the underlying habeas petition. They contend that plaintiff did not pay a filing fee for it and that he cannot obtain damages for time spent preparing the petition because such damages would be an unauthorized award of attorney fees. Defendants argue that plaintiff should not recover money for time spent preparing the underlying petition in this action, when plaintiff could not have recovered that money as attorney fees had he been successful in the state habeas action.

While plaintiff, a pro se litigant, may not recover attorney fees for time spent litigating this action (*see* 42 U.S.C. § 1988; *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987)), defendants have provided the court with no authority holding that a person whose litigation efforts have been unconstitutionally frustrated in an *underlying* action may not obtain compensation for those efforts as a measure of damages in a § 1983 action premised on denial of access to courts. In fact, the few courts to have addressed the issue have rejected defendants'

7

argument.  For example, in *Philips v. Hust*, 477 F.3d 1070, 1081-82 (9th Cir. 2007), *vacated on other grounds* by *Hust v. Phillips*, 555 U.S. 1150 (2009), the Ninth Circuit wrote:

> Hust argues that, because Phillips could not have recovered his costs had he prevailed in the [underlying case], he cannot as a matter of law recover them here. This contention misapprehends the nature of the injury Phillips asserts.  Phillips is not claiming that Hust's actions deprived him of the opportunity to recover his costs; rather, his claim is that he was robbed of his day in court, of the opportunity to be heard, whether he prevailed or not. . . . [W]e must acknowledge that the opportunity to press even successful suits has a value in itself, and is constitutionally protected. . . . Awarding the costs of the underlying suit recognizes that Phillips incurred those costs in the expectation that he would be able to exercise those rights and press his legal contentions to the full extent permitted by the law, and even if he was ultimately unsuccessful.  Hust's actions cut his efforts short, precluding him from realizing that expectation and destroying the value of his cumulative litigation expenses.  Accordingly, we hold that the costs of the litigation that was prematurely cut short by a defendant's wrongful conduct is a proper measure of damages in a § 1983 suit for violation of the right of access to courts.

The *Phillips* panel thus rejected defendants' claim that money that could not have been obtained in a successful underlying action may not be obtained in an action premised on the frustration of that underlying action.  While such wasted litigation expenses could be characterized as "attorney fees" or "costs of suit," they are in fact simply a useful way to measure the value of defendants' frustration of plaintiff's opportunity to press his underlying habeas, which is difficult to quantify.  *See also McCullough v. Johnson*, No. 7:05-CV-058-R, 2007 U.S. Dist. LEXIS 84072, at *12-15 (N.D. Tex. Nov. 14, 2007) (assessing compensatory damages for blocking the plaintiff's access to a state collateral attack valued by time spent preparing the state claims).  Thus, plaintiff should be permitted to argue for such damages.[2]

---

[2] Plaintiff argues that he spent 5,000 hours litigating the underlying petition and seeks compensation of $25-50 per hour, which would amount to $125,000-250,000 (although plaintiff, apparently due to an arithmetic mistake, lists this sum as $12,500-25,000).  This includes time spent litigating the issues contained in the unsuccessful habeas through 2018.  Defendants object to these figures – which plaintiff attests to – as speculative, conclusory, lacking foundation, and irrelevant.  ECF No. 253 at 5.  Plaintiff's testimony as to the amount of time he spent on the underlying habeas is relevant for measuring damages under *Phillips*, and he should be permitted to present his argument to the jury.  The amount of time plaintiff should be compensated for, a fair compensation rate, and the amount of time that should be compensated, are factual issues on which the parties do not agree and which are therefore unsuitable for summary judgment.

Defendants also object to several of plaintiff's exhibits as irrelevant and misleading, although they present no argument as to why these exhibits are objectionable.  ECF No. 253 at 5.  The

1    Alternatively, plaintiff argues that he should be permitted to seek "presumed damages."
2 Such damages are appropriate "when there is a great likelihood of injury coupled with great
3 difficulty in proving damages." *Trevino v. Gates*, 99 F.3d 911, 921-22 (9th Cor. 1996). At the
4 very least, plaintiff has suffered the loss of his opportunity to press the underlying habeas case,
5 which, according to the Ninth Circuit, "has a value in itself[.]" *Phillips*, 477 F.3d at 1081. Thus,
6 the first element necessary for presumed damages – great likelihood of injury – has been met.
7 But, as discussed above, the *Phillips* court found that such a loss could be measured by the costs
8 of the underlying suit. Accordingly, the second element necessary for presumed damages – great
9 difficulty in proving them – is likely not present here.

10   Defendants next argue that plaintiff has thus far not claimed any emotional distress
11 unrelated to his continued incarceration (which he cannot recover damages for under the court's
12 *Heck* ruling), and thus he cannot seek them now. Defendants have presented no authority
13 supporting this argument. Moreover, plaintiff claims that defendants' misconduct caused him
14 "years of headaches, anxiety, sleeplessness, anger and frustration, and depression." ECF No. 252
15 at 12. While defendants argue that there is no evidentiary support for these claims, plaintiff's
16 own testimony is a valid form of evidence. ECF No. 252-3 at 9 (Sprinkle Decl.). It is for the jury
17 to weigh this evidence and determine what, if any, compensation should be awarded.

18            **ii.   Nominal Damages**

19    Nominal damages must be awarded when a plaintiff proves that her constitutional rights
20 have been violated but cannot prove compensatory damages. *See Carey v. Piphus*, 435 U.S. 247,
21 266–67 (1978); *Hazel v. Crofoot*, 727 F.3d 983, 991–92 n.6 (9th Cir. 2013) ("Nominal damages
22 must be awarded in cases in which the plaintiff is not entitled to compensatory damages, such as
23 cases in which no actual injury is incurred or can be proven."). Plaintiff has already succeeded
24 /////

---

court has reviewed the exhibits and finds them highly relevant to determining how much plaintiff spent working on the underlying habeas and how much of that time is fairly attributable to defendants' misconduct. Accordingly, the objections are overruled. To the extent defendants wish to present substantive objections to plaintiff's evidence prior to trial, they may do so via motions in limine.

on his claim that defendants violated his constitutional rights, and defendants do not dispute plaintiff's entitlement to nominal damages should plaintiff fail to prove compensatory damages.

### iii. **Punitive Damages**

Section 1983 plaintiffs may seek punitive damages. *Smith v. Wade*, 461 U.S. 30, 56 (1971) (punitive damages may be awarded in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); *see Arizona v. ASARCO LLC*, 773 F.3d 1050, 1058 (9th Cir. 2014) (punitive damages may be awarded even if only nominal, and no compensatory, damages have been granted).

Punitive damages are awarded in the jury's discretion. *See Smith*, 461 U.S. at 54; *Woods v. Graphic Commc'ns*, 925 F.2d 1195, 1206 (9th Cir. 1991). The jury must find either that the defendant acted with an evil motive or demonstrated reckless indifference to the constitutional rights of the plaintiff. *See Smith*, 461 U.S. at 56; *Dang*, 422 F.3d at 807–09 (holding "that oppressive conduct is a proper predicate for punitive damages under § 1983"); *Mitchell*, 75 F.3d at 527 n.7; *Morgan*, 997 F.2d at 1255; *Bouman v. Block*, 940 F.2d 1211, 1233 (9th Cir. 1991). The jury must also "make 'a discretionary moral judgment' that the 'conduct merit[s] a punitive award.'" *Woods*, 925 F.2d at 1206 (quoting *Smith*, 461 U.S. at 52). The Ninth Circuit's Model Jury Instructions provide:

> Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Model Civ. Jury Instr. 9th Cir. 5.5 (rev. 2018).

Defendants argue that plaintiff has no evidence supporting an award of punitive damages and that, instead, the undisputed facts show that they did not behave with evil motive or reckless indifference to plaintiff's constitutional rights. Plaintiff disagrees, arguing that defendants acted recklessly by intentionally disregarding the relevant law and policy in place at the time by

refusing to copy his attachments. He further argues that defendant Robinson acted maliciously because his refusal to make the copies was due to plaintiff's status as a sex offender.

Defendants argue that plaintiff has presented no evidence beyond his own speculation that Robinson refused the copies because plaintiff was a sex offender. Plaintiff bases the assertion on the fact that Robinson held his petition for a week and refused the copy request because he did not believe the copies were necessary to the petition. ECF No. 252 at 21. Defendant Robinson declares that he did not read the petition, did not know what plaintiff had been convicted of, and did not deny the copy request because plaintiff was a sex offender. ECF No. 244-2 at 3. Regardless, a dispute remains over whether defendants' refusal to provide the copies displayed complete indifference to plaintiff's rights. Defendant Robinson argues that, at most, he made an innocent error in interpreting CDCR's policy prohibiting unnecessary photocopies that was upheld by all levels of administrative review. He declares, "It was my belief that [plaintiff's 900 pages of exhibits] included at least some documents that were unnecessary to his habeas petition, and thus could not be copied under CDCR's copying policy." *Id.* Defendant Pierce declares that, in reviewing Robinson's decision, he made a call to the state court clerk "to ask them whether or not [plaintiff] needed to file all 900 pages of exhibits in support of his habeas petition, to which they responded he did not." ECF No. 244-3 at 3.

Plaintiff disputes these facts. He has submitted copies of his administrative appeal of Robinson's refusal, in which he wrote that he reduced the size of the exhibits from 900 pages to 300 pages that were necessary because they were not part of the court record of his trial, but that defendants still refused to copy these reduced exhibits. ECF No. 252-3 at 15. It is also noteworthy that, although defendant Pierce now claims that he contacted the state court clerk, he did not reveal such contact in his response to plaintiff's appeal, despite listing four other sources he consulted in reviewing Robinson's denial. *Id.* at 17.

It is a highly factual question whether defendants' denial of the copies amounted to "complete indifference" to plaintiff's right to present his habeas to the state trial court. The parties offer differing versions of their conduct, the motive for Robinson's actions, and the credibility of each account cannot be determined by the court on summary judgment.

11

Accordingly, in addition to compensatory damages, the issue of punitive damages should be presented to the jury.

### III. Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendants' September 28, 2018 motion for summary judgment (ECF No. 244) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE